Per Curiam.
Upon the facts found by the court, the plaintiff is entitled to relief. The defense to the action was based upon alleged false representations alleged to have been made by plaintiff to defendants Motley and Macauley, by means of which they were induced to enter into the contract in question. Those representations related to the condition of the property to be sold by the plaintiff, to its value, and to the extent of the concession granted by the republic of Nicaragua to the plaintiff, and which was to be assigned to the above named defendants. The plaintiff denied making these alleged representations. Whether he made them or not was the issue which was tried before the court. It *273 was sharply contested, and evidence was given on both sides ; and the trial court, upon a careful consideration of all of it, has found that the plaintiff did not make the representations, and that the defendants were not induced to enter into the contract by reason thereof. This finding has been carefully reviewed by the general term of the supreme court, and has been approved by that tribunal, and it is, of course, conclusivé upon us. The defendants did not base their defense upon any alleged inability to give a good title to any part of the real estate by the plaintiff. The matter of defective title is an afterthought, and has neither been set up in defendants’ answer, tried by the court, nor found by it to exist as a fact. The course of the trial, as evidenced by the record before us, shows this to be true. The issue upon which evidence was given was in regard to the alleged false representations as above set forth. Upon the issue thus formed, the finding has been in favor of the plaintiff, and we cannot disturb it on the merits. There is, however, a technical difficulty regarding the form of the judgment, which should be corrected. All that the defendant Flannagan had to do with the matter was to receive and keep the certificate of deposit for $5,000, upon the agreement to deliver it up upon the joint order of plaintiff and defendant Motley, and the bank has simply promised to pay $5',000 upon the presentation to it of the certificate of deposit. The money has been deposited with the bank by defendant Motley and others, to be paid upon the return of the certificate, as stated. It is this $5,000 which has thus been deposited that plaintiff is entitled to recover under the terms of the contract. The judgment should therefore direct that the defendant Motley shall forthwith deliver to plaintiff a written order addressed to defendant Flannagan, directing him to deliver to plaintiff the certificate of deposit, and defendant Flannagan, upon receipt of such order, shall deliver the certificate to the plaintiff. The judgment must further direct that the defendant bank shall, upon the presentation and delivery of the certificate by the plaintiff, indorsed by him, pay to him the sum of $5,000. As neither Flannagan nor the bank has heretofore been in default, no costs should be imposed upon them. The defendants Motley and Macauley wrongfully refused to carry out their agreement, and they should pay interest on the $5,000 from the day demand was made upon them for an order directing the bank to pay the certificate of deposit to the plaintiff, and they should also pay the costs of this action. The judgment must be modified in accordance with the terms of the foregoing opinion, and, as modified, it should be affirmed, with costs as against defendants Motley and Macauley.
All concur, except Andrews, Ch. J., not sitting.
Judgment accordingly.